SAMUEL TAYLOR HOBSON and others *v.* JOHN DAVEY BEIN.

Execution having been issued against defendant in an action on a note secured by mortgage, the proceedings were enjoined by a third person, the real owner of the mortgaged property, and the real debtor of the amount of the note; and a judgment was entered by consent, recognizing the property as belonging to the intervenor, and ordering its sale. The sale made in pursuance of this judgment having been set aside for irregularity, plaintiffs took a rule on intervenor to show cause why a *pluries fi fa.* should not be issued. On an answer by the latter alleging the illegality of the judgment, and denying plaintiffs' right to proceed in the manner adopted by them, and praying for a trial by jury : *Held,* that the rule presented no issue or question of fact for a trial by jury, and that such trial was correctly refused.

On a motion to dissolve an injunction, on the ground of illegality apparent on the face of the petition, no evidence can be introduced, except as to the question of damages.

APPEAL from the Commercial Court of New Orleans, *Watts,* J.

*Benjamin,* for the plaintiffs.

*Mitchell,* for the appellant.

MORPHY, J. The defendant being sued as drawer of a promissory note for $7000, secured by mortgage on a piece of property situated at the corner of Custom House and Burgundy streets, confessed a judgment, on which execution was issued. The appellant, Mary Connellin, enjoined the sale, averring in substance that she was the true owner of the property about to be sold, having purchased it from John Hagan, jr. for the sum of $14,000, at a credit of 12 and 24 months ; that when about to pass the sale, she was advised to place the property in the name of the defendant, who, on that account, subscribed two notes for $7000 each, to the order of Richard Bein, who endorsed them according to the terms of the sale, but that as the property was in reality purchased by her, it was well understood that those notes were, to all intents and purposes, her obligations, and that she was bound to provide for them at maturity. She alleged that these facts were within the knowledge of the plaintiffs, who treated with her as the owner of the property, and received various payments on the note, which should have been credited thereon. She averred that the confession of judgment made by Bein is null and void, so far as it gives any lien and privilege on the property, having been

made without her knowledge and consent. On the 9th of July, 1839, a judgment was entered by consent between the attorneys of the plaintiffs and defendant, and G. B. Duncan, the counsel of Mary Connellin, recognizing the property as belonging to the latter, as set forth in her petition for an injunction, and ordering it to be sold on the 5th of December following, or at any time thereafter that might be agreed upon by the parties, for what it would bring, on the following terms, to wit, one-fifth cash, and the balance at 12, 18, and 24 months credit, for approved notes, secured by mortgage on the property until final payment ; and decreeing that the proceeds be brought into court, and applied to the payment of the debt due on the property, the surplus, if any, to be paid to Mary Connellin. Under this judgment, the property was sold, and bought by Richard Richardson, the transferree of the judgment of the plaintiffs. A monition having been taken out by the purchaser, Mary Connellin made opposition thereto, alleging that she was the owner of the property described in the monition ; that no judgment had been rendered under which execution could be issued so as to be binding on her ; that her attorney, G. B. Duncan, had greatly exceeded his powers ; and that the agreement entered into by him was null and void, so far as she was concerned. She set forth various other grounds, which it is useless to mention, as her opposition was sustained, with the consent of the plaintiffs' counsel, as to her prayer for rescinding the sale. The Judge accordingly set aside the sale which had been made, but decided on the first ground in relation to which his opinion was asked, that the agreement entered into by G. B. Duncan, of which she had complained, was in no respect a confession of judgment against her ; that he had, on the contrary, obtained for her all that was demanded in her petition ; and that if there had been any confession of judgment, it came rather from the counsel of the plaintiff and defendant. He further decided, that so far as the agreement regulated the terms of the sale, it had been adopted by her on the day it was made, and had been, on other occasions, ratified. Things being in this situation, the plaintiffs took a rule on Mary Connellin, to show cause why a *pluries fi. fa.* should not issue under the judgment of the 9th of July, 1839, and why the property specially mortgaged should not be sold for whatever

it would bring, without appraisement, and on the terms specified in said judgment. In a written answer to this rule, Mary Connellin showed for cause, that the judgment or decree was illegal, so far as her rights were concerned ; that the plaintiffs had not the privilege of vendors, and were not authorized nor entitled to proceed in this manner against her; and she prayed for a trial by jury. The Judge below refused a trial by jury ; heard the parties ; and made the rule absolute. After an ineffectual attempt to obtain a suspensive appeal from this order or judgment of the court, Mary Connellin sued out an injunction to arrest the execution of the writ of *pluries fi. fa.*, which had issued in the meantime. After stating the proceedings had in relation to the rule taken for a *pluries fi. fa.*, she averred that the decision upon the rule, thus made to operate as a final judgment, or, at any rate, as a judgment causing her an irreparable injury, was neither signed nor notified to her ; and that, in violation of the law and of her rights, the plaintiffs have taken out a writ of execution, which illegal proceedings, she fears, will be carried into effect by the sheriff to her great damage and injury, unless restrained by the interference of the court. On a motion to dissolve the injunction on the face of the papers, the Judge, after hearing the parties, ordered that the injunction should be dissolved, and that Hobson & Co. should recover of Mary Connellin, and her surety in the injunction bond, damages at the rate of ten per cent on $7000, to be computed from the 26th of April, 1841, to the date at which the sale thus enjoined should take place, as also $250 special damages. It is from this judgment that the present appeal has been taken.

The only reason we find given by the Judge in support of the judgment appealed from, is, that there " were no merits in the petition for the injunction." A better one could not, perhaps, be assigned on a motion to dissolve on the face of the papers. In search of some just cause of complaint on the part of the appellant, we have vainly looked not only to her petition for an injunction, but throughout the record. The main ground of her first opposition to the sale, was her right to the property bought in the name of the defendant. Her ownership, which was recognized

as soon as asserted, could not affect or change the rights of Hobson & Co. as holders of one of the notes given for the price. They might have proceeded under their judgment against Bein, and have sold the property in due course of law. Instead of doing this, they made an arrangement with her counsel, by which the sale was postponed to the next season, and agreed to be made on the most liberal terms ; and she expressed her entire concurrence in this agreement. All the subsequent oppositions and proceedings of the appellant we cannot but consider as intended to delay the sale of the property, of which she has now been in possession since the 1st of June, 1836, when it was purchased for her in the name of the defendant.

The Judge correctly refused a trial by jury on the rule taken by plaintiffs in relation to the issuing of a *pluries fi. fa.* It presented no issue or matter of fact proper to be laid before a jury ; nor did he err in refusing to receive evidence on the trial of the motion made by plaintiffs to dissolve the injunction on the face of the papers. The appellees have prayed for damages for a frivolous appeal. We do not allow any, as the party has been already mulct in heavy damages on the injunction bond.

*Judgment affirmed.*